NOT DESIGNATED FOR PUBLICATION

No. 128,088

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HOLLEE A. REYNOLDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Greenwood District Court; DAVID RICKE, judge. Submitted without oral argument. Opinion filed September 26, 2025. Affirmed and remanded with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Hollee A. Reynolds timely appeals the revocation of her probation and the imposition of her underlying prison and jail sentences. After careful review, we find the district court made sufficient findings under K.S.A. 22-3716(c)(7)(A) to bypass intermediate sanctions and order Reynolds to serve her underlying sentences. We affirm and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

Reynolds pled no contest to one count of possession of methamphetamine, one count of possession of drug paraphernalia, and one count of driving without a license for crimes committed in July 2021. The district court imposed a total underlying sentence of 20 months' imprisonment, suspended to 12 months' probation.

Reynolds' probation did not go well. Roughly eight months after sentencing, the State moved to revoke Reynolds' probation, alleging she failed to report to her intensive supervision officer (ISO); failed to report for urinalysis (UA) testing; failed to attend treatment; and had multiple positive UAs for amphetamines and methamphetamine. Reynolds stipulated to the allegations. The district court ordered Reynolds to serve a 60-day jail sanction and extended her probation for another 12 months.

Approximately five months later, the State again moved to revoke Reynolds' probation, alleging she failed to report to her ISO and failed to pay court costs and fees. Reynolds stipulated she failed to report to her ISO. The district court accepted Reynolds' stipulation and found she violated the terms of her probation. Ultimately, the district court revoked Reynolds' probation and ordered her to serve her underlying prison sentence. Additional facts are set forth as necessary.

ANALYSIS

Once a probation violation is established, a district court has discretion to revoke probation unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716 (requiring graduated sanctions before revocation in certain circumstances). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party

2

asserting the district court abused its discretion, Reynolds bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Reynolds argues the district court erred in revoking her probation without first ordering an intermediate sanction as required by K.S.A. 22-3716(c)(1)(B). Reynolds acknowledges the district court indicated on the journal entry of probation revocation that it relied on the exceptions to intermediate sanctions under K.S.A. 22-3716(c)(7)(A) ("The court finds and sets forth with particularity the reasons for finding that . . . the welfare of the offender will not be served by such sanction"), and K.S.A. 22-3716(c)(7)(D) ("the offender absconds from supervision while the offender is on probation"). However, Reynolds asserts the district court never explicitly invoked these exceptions at the revocation hearing and did not make sufficient findings to rely upon them.

Setting aside whether Reynolds absconded, the district court made ample findings why it would not serve Reynolds' welfare to impose an intermediate sanction. Specifically, the district court stated:

"Ms. Reynolds, you were placed in this case on reporting probation. With a heavy emphasis on the word 'reporting.' ISOs often are very aware of community resources, that their clients can be referred to when they're having stressful situations. I'm not making light of the pain that's associated with any of the deaths that you referred to in your statement. Everyone has to deal with the tragedy of death at some point in [their] lives.

"When you've had a history of any type of drug offenses, it's really important that you stay in contact with your supervising officer; let him know what's going on with you; and then let him make the appropriate referrals, or to try and get you some sort of assistance with whatever problems that you're having. What you cannot do is, just, check out, and—and use that as an excuse to stop your program.

3

"What you do, in that instance, Ms. Reynolds, is essentially say: 'I am not a candidate for the reporting probation that the judge wanted me to complete.' Rather, what you're essentially doing, is saying: 'I will just face the music of doing my time.' That, apparently, is where we are in this case, Ms. Reynolds.

"You've had ample opportunity to correct your behaviors; report to your officer; seek his help; if necessary, demand his help; and to utilize the resources that are out in the community to keep you in the community. You've elected not to do that.

"On top of that, Ms. Reynolds, you're habitually late for court. Including being 15 minutes late today. And indeed, there may have been some road construction, and a pilot car situation, but you should've left earlier. You should allow extra time. I just don't think you take court seriously, Ms. Reynolds. Much less supervision, or probation, or anything else that was involved in your case.

"So the only viable alternative is what the prosecutor recommends in this case. And that is an outright revocation of your probation. And that will be the order of the Court. The Court finds that this defendant has been willfully noncompliant with the terms and conditions of her probation. *That it's not in her best interest to be on a probation*, which she clearly is not amenable to successfully finish.

"Hollee Reynolds will make promises and not follow through on them—

. . . .

"—when she's been given ample opportunity, and even been punished for previous noncompliance. And doesn't even take serious jail sanctions seriously enough to conform her behavior [to] what's expected by the Court. Therefore, the Court does order Hollee Reynolds to serve the remaining balance of her sentence." (Emphasis added.)

Reynolds fails to acknowledge the full extent of the district court's findings. Although the district court did not explicitly use the words "the welfare of the offender will not be served by such sanction," it clearly explained as much in the overall context of

4

its ruling. See K.S.A. 22-3716(c)(7)(A). And the district court specifically found it was not in Reynolds' best interests to be on probation, "which she clearly is not amenable to successfully finish." A reasonable person could easily understand the court's findings to mean Reynolds' welfare would not be served by reinstating her probation as she was not amenable to following the conditions of supervised probation.

Reynolds' argument is not persuasive. The district court made sufficient findings and set forth a lengthy, detailed explanation of why it would not serve Reynolds' welfare to continue on probation. The district court explained that even a 60-day jail sanction for Reynolds' previous probation violations did not dissuade her from further violations. Based on the facts and circumstances detailed on the record, it was reasonable for the district court to conclude that a two-day or three-day jail sanction under K.S.A. 22-3716(c)(1)(B) would not change Reynolds' pattern of behavior. And keeping Reynolds on probation when she was not amenable to doing what was necessary to succeed would not serve her welfare.

Because the district court only needed to rely on one exception to bypass intermediate sanctions, the revocation of Reynolds' probation is affirmed. We acknowledge that an absconding finding was contained in the journal entry of revocation, but there is no indication in the record it was a factor used by the district court to revoke Reynolds' probation. Thus, we remand for a nunc pro tunc journal entry to be prepared to correct the clerical error.

We also decline to consider the State's argument that we should affirm the district court as correct for any reason based on Reynolds committing a new crime while on probation. This issue was not alleged in the State's motion to revoke Reynolds' probation and was not presented to or discussed by the district court. Additionally, the information the State relies on in an attachment to its brief is an improper attachment because the contents are not contained in the record on appeal. See Supreme Court Rule 6.02(b)

5

(2025 Kan. S. Ct. R. at 36). In any event, we affirm because the district court properly relied on the exception to bypass intermediate sanctions under K.S.A. 22-3716(c)(7)(A).

Affirmed and remanded with directions.